WINTZ<br>*v.*<br>VOGT.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## KELLAR *v.* FINK, Syndic, et al.

One who purchases a female slave after a child of her's under ten years of age had been sold separately to a third person, cannot claim to be the owner of the child, on the ground that the sale of a child separately from its mother is prohibited by law, where the child was sold at a time when the mother had escaped into a country where slavery did not exist and her master never expected to recover her.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.   H. D. Ogden, for the appellant, contended that, under the statutes of 6 June, 1806, and 31 January, 1839, s. 16, children under ten years of age cannot be sold separately from their mother; that any such sale is null; and that the child is the accessory of the mother, and becomes the property of any purchaser of the latter.   C. C. 456, 461, 490, 537, 2466.   Pothier, Vente, no. 47.   R. M. Carter, for the defendants.   The judgment of the court was pronounced by

EUSTIS, C. J.   The plaintiff purchased at sheriff's sale a negress slave, who was the mother of a child under ten years of age, who had been previously purchased by *Emily Bowyer*, a free woman of color, one of the defendants. Under this purchase of the mother she claims the child as her property. There was judgment for the defendants, and the plaintiff has appealed.

On the 28th of June, 1841, *Nichols*, to whom the mother and child belonged, sold the latter to *Emily Bowyer*.   In the act of sale she was described as an orphan negro girl, named *Lucinda*, aged about five years, the daughter of a negress slave named *Aimée*, who had runaway, and gone to Canada.   *Nichols* testified on the trial that the slave *Aimée* had runaway in 1841, and that when he sold the child he never expected to recover the mother.   He acted, in so

doing in the interest of the child, as the person to whom she was sold was a good mistress and took good care of her. We are at a loss to conceive what right of property the plaintiff ever acquired in the subject of this suit.

*Judgment affirmed.*